UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BERNARD JOSEPH ROSA, JR.,

        Plaintiff,          CIV S-04-0945 WBS PAN PS

    v.

STATE OF CALIFORNIA, CALIFORNIA    FINDINGS AND RECOMMENDATIONS
BOARD OF ACCOUNTANCY, CALIFORNIA
ATTORNEY GENERAL BILL LOCKYER,
CAROL SIGMANN, GREGORY P.
NEWINGTON, LAWRENCE KNAPP, JOEL
PRIMES, RONALD DIEDRICH, MICHAEL
R. GRANEN, AND STEVEN J. SMITH,

        Defendants.

—oOo—

      Plaintiff, proceeding pro se, filed his first amended complaint on July 14, 2004, alleging violation of his due process rights under the federal and state Constitutions, and alleging state law claims of defamation, intentional and negligent infliction of emotional distress, bias and nonfeasance of public officers.  Defendants move to dismiss or for more definite

statement; plaintiff moves for summary judgment.

The following facts are set forth in plaintiff's first amended complaint.  Plaintiff became licensed as a certified public accountant in 1969 and pursued his career in good standing until 1983 when a former client complained to the California Board of Accountancy that plaintiff was promoting a fraudulent tax reduction strategy.  The Board filed formal charges and in December 1993, plaintiff orally agreed with the Board's representatives, including members of the Attorney General's office, to a stipulation of discipline omitting all references to fraud, dishonesty and gross negligence.  Defendants persuaded plaintiff to sign a blank signature page which was later attached to the written stipulation.  Plaintiff scanned but did not read the stipulation prior to meeting with the Board in April 1994 "to confirm the terms of probation."  First Amended Complaint, at paras. 12, 13.  In November 1994 plaintiff became aware that the written stipulation failed to reflect the parties' oral agreement.  Plaintiff informed the Board, the Attorney General's office, and the Attorney General's Investigative Unit in Los Angeles; however, none made the requested correction.  Thereafter a "probation hearing" was held before an administrative law judge who "refused plaintiff's attempts to explain how the purported agreement was gotten," resulting in further probation terms and suspension of plaintiff's CPA license.  Id., at para. 15.  In December 1995 the Board revoked plaintiff's license.  Plaintiff became despondent and drifted from his profession until 1999 when

he filed a petition for reinstatement.  The petition was denied October 1999.  A second petition was denied March 2001, a third denied July 2002, others denied in 2003, and most recently in April 2004.  Plaintiff states defendants relied on the fraudulent stipulation to deny his petitions for reinstatement, decline to hear any evidence on the issue, and to place plaintiff in a conundrum by refusing his proof of rehabilitation but equating such offer with an admission of guilt.  Plaintiff contends defendants' "use of the stipulation and . . . refusal to hear evidence about the purported stipulation," refusal to accept his proofs of rehabilitation, and "wrongfully taking plaintiff's CPA certificate using fraudulent evidence," constitute a denial of federal due process rights.  Id., at paras. 15, 19-22, 27. Plaintiff seeks reinstatement of his CPA license, $2,000,000 general damages, $1,500,000 punitive damages, and costs.

Plaintiff states he has complied with the California Tort Claims Act by mailing a complaint to the Board of Claims on June 28, 2004 (First Amended Complaint (filed July 14, 2004), at para. 54) but has not demonstrated exhaustion.[1]  He has, however, filed a writ of mandate in the Sacramento County Superior Court to set

---

[1] The complaint names the "Board of Accountancy, Depts. Of Justice Attorney General & Adm. Hearings."  First Amended Complaint (attachment). Plaintiff has since provided the July 22, 2004, tentative ruling of the California Victim Compensation and Government Claims Board recommending plaintiff's claim be rejected "because the claim raises complex issues of fact and law that should be resolved through formal legal action" and informing plaintiff the Board would act on his claim August 27, 2004.  Exhibit A to Opposition to Motion to Dismiss.  Plaintiff has not submitted the final decision.

1  aside the Board's April 2004 decision again denying reinstatement
2  of his license.  Id., at para. 53.  Plaintiff's failure to
3  demonstrate exhaustion of state administrative remedies pursuant
4  to the California Tort Claims Act is not a prerequisite to
5  pursuing a cognizable federal cause of action (see <u>Patsy v. Board</u>
6  <u>of Regents of State of Florida</u>, 457 U.S. 496, 501 (1982)
7  (exhaustion of state remedies not a prerequisite to a valid §
8  1983 action).

9       On a motion to dismiss pursuant to F. R. Civ. P.
10 12(b)(6), the court must accept plaintiff's allegations as true,
11 read the complaint most favorably to plaintiff, give plaintiff
12 the benefit of every reasonable inference that appears from the
13 pleading and argument of the case and dismiss the complaint only
14 if it is clear that no relief could be granted under any set of
15 facts that could be proved consistent with the allegations.
16 <u>Wheeldin v. Wheeler</u>, 373 U.S. 647, 658 (1963); <u>Retail Clerks</u>
17 <u>International Association, Local 1625, AFL-CIO v. Schermerhorn</u>,
18 373 U.S. 746, 754, n. 6 (1963); <u>Hishon v. King & Spalding</u>, 467
19 U.S. 69, 73 (1984).

20      Section 1983 provides, in pertinent part, that "(e)very
21 person who, under color of any statute of any state . . .,
22 subjects, or causes to be subjected, any citizen of the United
23 States or other person within the jurisdiction thereof to the
24 deprivation of any rights, privileges, or immunities secured by
25 the Constitution and laws, shall be liable to the party injured .
26 . . ."

4

Revocation of a state-created right such as a professional license must comply with due process of law,[2] which is met by adequate notice, a hearing, the opportunity to be heard, and the opportunity for judicial review. See, e.g., Mathews v. Eldridge, 424 U.S. 319, 349 (1976) ("the prescribed procedures not only provide the claimant with an effective process for asserting his claim prior to any administrative action, but also assure a right to an evidentiary hearing, as well as to subsequent judicial review [here, plaintiff's state writ of mandate], before the denial of his claim becomes final"). Within these parameters, courts defer to the reasoned discretion of administrative decisions. See, e.g., Willner v. Committee on Character and Fitness, 373 U.S. 96, 103 (1963), quoting Goldsmith v. U.S. Board of Tax Appeals, 270 U.S. 117, 123 (1926) (agency discretion is "to be exercised after fair investigation, with such a notice, hearing and opportunity to answer for the

---

[2] "[T]here exists a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either 'liberty' or 'property' as meant in the Due Process Clause. These interests attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law, and we have repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter that protected status." Paul v. Davis, 424 U.S. 693, 710-711 (1976). "Once licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. Sniadach v. Family Finance Corp., 395 U.S. 337 (1969); Goldberg v. Kelly, 397 U.S. 254 (1970). This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.'" Bell v. Burson, 402 U.S. 535, 539 (1971).

applicant as would constitute due process").

Plaintiff's post-deprivation pursuit of his rights pursuant to the California Tort Claims Act and a state writ of mandate not only satisfies these requirements but extinguishes plaintiff's federal due process claim. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) ("[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). The California Tort Claims Act, Cal. Govt. Code § 810 et seq., provides an adequate postdeprivation remedy for loss of property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Accordingly, I recommend defendants' motion to dismiss be granted in its entirety. If plaintiff's allegations state any claim for relief under state law, this court should decline to exercise its supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff's motion for summary judgment based on defendants' failure to deny plaintiff's "statement of undisputed facts" in support thereof and defendants' purportedly untimely motion to dismiss should be denied. Defendants were under no

6

obligation to refute plaintiff's statement of facts given the pendency of their motion to dismiss, which was timely filed (see <u>Aetna Life Ins. Co. v. Alla Medical Services, Inc.</u>, 855 F.2d 1470, 1474 (9th Cir. 1988)("This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed").

These findings and recommendations are submitted to the Honorable William B. Shubb, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 6, 2005.

                                 /s/ Peter A. Nowinski
                                 PETER A. NOWINSKI
                                 Magistrate Judge